## MALICE MUST BE PROVED IN MALICIOUS PROSECUTION.

Circuit Court of Cuyahoga County.

THE HOPWOOD PROVISION COMPANY v. FRED. L. JOSLYN
AND FRANK JOY.

Decided, May 20, 1901.

*Malicious Prosecution—Malice Not to be Inferred from Want of Probable Cause.*

In every action for malicious prosecution, malice is a necessary element to be proven as a fact and does not necessarily follow from the want of probable cause, though it may be inferred from it.

*Smith & Blake,* for plaintiff in error.
*W. H. Polhamus* and *W. C. Rogers,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

Prior to October, 1898, the defendant in error, Joslyn, had for a period of years been employed by the plaintiff in error. That employment ceased about the date named. Some two months subsequent to that date, Joslyn was arrested for the crime of embezzlement. He was charged with collecting $3.75 belonging to the plaintiff, and unlawfully appropriating the same to his own use.

At the close of the hearing before the justice of the peace issuing the warrant, he was discharged. Thereupon he commenced action in the court of common pleas, alleging that the plaintiff in error had instituted that prosecution against him maliciously and without probable cause. Upon the issues made by the pleadings trial was had, resulting in a verdict for the plaintiff in the sum of $2,500, for which, after the overruling of the motion for a new trial, judgment was rendered for the defendant in error.

Several errors are assigned:

1st. That the court erred in the admission and exclusion of evidence.

2d. That the court erred in its charge to the jury.

3d.  That the damages awarded were excessive.

*First.*  We find nothing in the rulings of the court upon the admission and exclusion of evidence requiring a reversal of judgment.

*Second.*  An action for malicious prosecution will lie only when there is a concurrence of the following circumstances: first, when a suit or proceeding has been instituted without any probable cause therefor; second, the motive in instituting it was malicious; and third, the prosecution has terminated in the acquittal or discharge of the accused.

Upon the subject of *probable cause,* the charge is *without fault,* but the element of *malice* was substantially ignored.  Until the instructions were given to the jury upon the subject of the assessment of damages, there was no attempt to define that term.  However, the order in which the different propositions are stated to the jury is not very material if the *law* is correctly stated.  Upon that subject the court, among other things, said to the jury:

"And if you should find in this case that there was no probable cause for the arrest of the plaintiff existing at the time, and if you find that the defendant corporation occasioned his arrest without probable cause, then you may assume that that corporation acted with what the law calls malice, and that does not necessarily mean what we ordinarily mean when we use the word *malice,* that is, an existence of hatred; but the law regards malice as being present in this kind of an action, where an arrest has been procured without reasonable cause."

From this the jury must have understood that malice followed as a legal inference, from a want of probable cause.  If such be the correct interpretation, it was erroneous.  The existence or non-existence of malice is always a fact to be found by the jury from the evidence submitted to them.  The jury may, under certain circumstances, find the existence of malice from the want of probable cause, but it does not follow as a legal inference.  There may be existing a want of probable cause without malice.

The proposition quoted, as it must have been understood and applied by the jury, was erroneous.

.*Third.* Upon a careful review of the testimony as it appears in this record, we are also of the opinion that the damages awarded by the jury were excessive, and for that reason the motion for a new trial should have been granted.

As the case is to be remanded for a new trial, it is unnecessary to fix the exact amount of this excess.

For these two errors appearing upon the record, the judgment of the court of common pleas is reversed and the cause remanded for a new trial.